# Seventh Amendment Restrictions on the Assessment of Punitive Damages

The Seventh Amendment does not prohibit federal legislation mandating that a judge assess the amount of punitive damages after a jury determines liability in a products liability case.

September 29, 1989

MEMORANDUM OPINION FOR THE ACTING ASSISTANT ATTORNEY GENERAL
CIVIL DIVISION

This responds to your request for the opinion of this Office concerning whether the Seventh Amendment prohibits federal legislation mandating that a judge assess the amount of punitive damages after a jury determines liability in a products liability case. For the reasons set forth below, we conclude that such legislation would not violate the Seventh Amendment.[1]

We believe that the Supreme Court's decision in *Tull v. United States*, 481 U.S. 412, 425-27 (1987), establishes that Congress may authorize a judge to determine the amount of punitive damages. In *Tull*, the Court held that while the Seventh Amendment guarantees a right to a jury trial to determine liability in actions seeking civil penalties authorized by the Clean Water Act, there is no corresponding right to have a jury determine the amount of the civil penalties. The Court explained:

> The Seventh Amendment is silent on the question whether a jury must determine the remedy in a trial in which it must determine liability. The answer must depend on whether the jury must shoulder this responsibility as necessary to preserve the "substance of the common-law right of trial by jury." Is a jury role necessary for that purpose? We do not think so. "'Only those incidents which are regarded as fundamental, as inherent in and of the essence of the system of

---

[1] The Seventh Amendment provides:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of common law.

U.S Const. amend VII

307

trial by jury, are placed beyond the reach of the legislature.'"
The assessment of a civil penalty is not one of the "most fun-
dament elements."

*Id.* at 425-26 (footnote and citations omitted). The Court observed that
typically the amount of a civil penalty is specified by statute, and "[s]ince
Congress itself may fix the civil penalties, it may delegate that determi-
nation to trial judges." *Id.* at 427. Accordingly, the Court held that "a
determination of a civil penalty is not an essential function of a jury trial,
and that the Seventh Amendment does not require a jury trial for that
purpose in a civil action." *Id.* at 427.

The Fourth Circuit's recent decision in *Shamblin's Ready Mix, Inc. v.
Eaton Corp.*, 873 F.2d 736, 740-42 (4th Cir. 1989), illustrates that *Tull*
extends to the assessment of punitive damages. In *Shamblin's Ready Mix*,
the court held that a judge may reduce the amount of punitive damages
awarded by a jury without remanding for a new trial. The court concluded
that "[t]he measure of damages in a cause of action for a tort is not a fun-
damental element of a trial." *Id.* at 742. The court found *Tull* dispositive:

There is no principled distinction between civil penalties
and the modern concepts of punitive damages. Both serve
the same purposes to deter and punish proscribed conduct.
*Cf. Tull*, 481 U.S. at 422 n.7, 107 S. Ct. at 1838 n.7. Consistent
with *Tull*, we hold that the seventh amendment does not
require that the amount of punitive damages be assessed by
a jury.

873 F.2d at 742.[2]

We agree that punitive damages are indistinguishable from civil penal-
ties for the purpose of the Seventh Amendment. Therefore, based on the
Supreme Court's holding in *Tull*, we conclude that the Seventh
Amendment does not bar federal legislation authorizing judges to assess
the appropriate amount of punitive damages.

LYNDA GUILD SIMPSON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[2] The recent decisions holding that a statutory cap on the amount of damages does not violate the
Seventh Amendment provide another example of permissible restrictions on the role of a jury *See Davis
v. Omitowoju*, 883 F.2d 1155, 1158-65 (3d Cir 1989); *Boyd v. Bulala*, 877 F.2d 1191, 1196 (4th Cir. 1989),
*Franklin v. Mazda Motor Corp* , 704 F. Supp. 1325, 1334 (D. Md. 1989)